Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Susan M. Natland (SBN 198,100)
susan.natland@knobbe.com
Brandon G. Smith (SBN 307,676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff
lululemon athletica canada inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No.  2:21-CV-9252<br><br>**COMPLAINT FOR PATENT INFRINGEMENT, TRADE DRESS INFRINGEMENT, FALSE DESGINATION OF ORIGIN, PASSING OFF, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff lululemon athletica canada inc., ("lululemon" or "Plaintiff") hereby complains of Defendant Peloton Interactive, Inc. ("Peloton" or "Defendant") and alleges as follows:

## I.  SUMMARY OF THE ACTION

1.    lululemon is one of the world's most iconic brands and one of the leading designers and retailers of technical athletic apparel in the world.

2.    lululemon employs its own designers who work tirelessly to design and develop innovative products, including products for yoga, training, cycling, running and other fitness activities.  As a result, lululemon's products are instantly and universally recognized for their innovative and distinctive style.

3.    Seeking to benefit from the popularity of lululemon's products and designs, in 2016 Peloton pursued a wholesale co-branding relationship with lululemon. Under the relationship, lululemon supplied Peloton with some of lululemon's most innovative and popular athletic apparel.  With lululemon's permission, Peloton applied its own trademarks to the apparel, alongside lululemon's distinctive and famous logo, and re-sold the co-branded apparel through Peloton's retail outlets, including Peloton showrooms and the Peloton website.

4.    Earlier this year, Peloton requested to end the co-branding agreement, and lululemon stopped supplying Peloton with authentic lululemon merchandise.  Shortly thereafter, Peloton announced it was launching its own product line. Unlike innovators such as lululemon, Peloton did not spend the time, effort, and expense to create an original product line.  Instead, Peloton imitated several of lululemon's innovative designs and sold  knock-offs of lululemon's products, claiming them as its own.  These knock-offs include Peloton's Strappy Bra, Cadent Laser Dot Legging, Cadent Laser Dot Bra, High Neck Bra, and Cadent Peak Bra, which collectively infringe six different lululemon patents.  Peloton also began selling the One Lux Tight. Peloton's One

Lux Tight is another imitation of a lululemon product as it copies the trade dress of lululemon's Align pant, which is one of lululemon's all-time best-selling products.

5.　The misappropriation of lululemon's product designs was not a coincidence. Alarmed by Peloton's blatant misappropriation of its designs, lululemon wrote to its former partner on November 11, 2021, and asked that Peloton immediately stop selling its copy-cat products, which infringe lululemon's design patent and trade dress rights. lululemon also demanded that Peloton confirm that it would cease its wrongful acts, otherwise lululemon would file a lawsuit. A copy of the cease-and-desist letter is attached hereto as Exhibit 1.

6.　Peloton immediately wrote back and asked for more time, until November 24, 2021. to substantively respond to lululemon's demands.  As a good corporate citizen and out of consideration for the request from a former partner, lululemon acquiesced and agreed to extend the deadline for Peloton to respond.

7.　However, it is now clear that Peloton's request for an extension was not made in good faith. On November 24, instead of simply substantively responding to lululemon's letter, Peloton filed a preemptory Declaratory Judgment action in the Southern District of New York, attempting to improperly wrestle away lululemon's choice of forum.

8.　In requesting the extension, Peloton gave lululemon the false impression that it needed and would use the additional time to properly respond to lululemon's substantive allegations. Instead, Peloton used the delay to secretly prepare its own complaint and preempt the lawsuit that lululemon had so clearly threatened in its letter.

9.　Within two business days, lululemon filed the instant action in its chosen forum, the Central District of California. lululemon now seeks an

injunction against Peloton's further infringement of lululemon's intellectual property rights, as well as damages and other monetary relief for the infringement.

## II.  JURISDICTION AND VENUE

10.    This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1116, 1121(a), and 1125(a), as these claims all arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

11.    This Court has personal jurisdiction over Defendant because Defendant has several retail locations in this judicial district and has a continuous, systematic, and substantial presence within this judicial district.

12.    For example, Defendant's website, www.onepeloton.com, shows that Defendant has twelve separate retail locations in California, with the majority of these retail locations within this judicial district. With seven retail locations in this judicial district, Peloton has more retail locations in this judicial district than in any other, including the Southern District of New York.

13.    Defendant has been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers through its retail locations in this district and its website and selling into the stream of commerce knowing such products would be sold in California and this judicial district.  These acts form a substantial part of the events or omissions giving rise to lululemon's claims.

- 3 -

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendant has a principal place of business located within this judicial district, because Defendant has committed acts of infringement by offering to sell and/or selling infringing products in this judicial district, and because Defendant has a regular and established place of business in this judicial district.

## III.  THE PARTIES

15.     Plaintiff lululemon athletica canada, inc. is a Canadian corporation having its principal place of business at 1818 Cornwall Avenue, Vancouver British Columbia V6J1C7, Canada.

16.     lululemon is informed and believes and based thereon alleges that Defendant Peloton Interactive, Inc. is a Delaware corporation having its principal place of business at 441 Ninth Avenue, 6th Floor, New York, New York 10001.

## IV.  GENERAL ALLEGATIONS

17.     lululemon invests heavily in product innovation and design and secures intellectual property rights to protect those investments and to prevent others from imitating lululemon's innovative designs.

18.     On July 29, 2014, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued United States Design Patent No. D709,668 (the "D668 Patent"), titled "BRA."  A copy of the D668 Patent is attached as Exhibit 2.

19.     On June 28, 2016, the USPTO duly and lawfully issued United States Design Patent No. D759,942 (the "D942 Patent"), titled "BRA."  A copy of the D942 Patent is attached as Exhibit 3.

20.     On October 3, 2017, the USPTO duly and lawfully issued United States Design Patent No. D798,539 (the "D539 Patent"), titled "PANTS."  A copy of the D539 Patent is attached as Exhibit 4.

21. On December 25, 2018, the USPTO duly and lawfully issued United States Design Patent No. D836,291 (the "D291 Patent"), titled "BRA." A copy of the D291 Patent is attached as <u>Exhibit 5</u>.

22. On December 1, 2020, the USPTO duly and lawfully issued United States Design Patent No. D903,233 (the "D233 Patent"), titled "GARMENT." A copy of the D233 Patent is attached as <u>Exhibit 6</u>.

23. On July 6, 2021, the USPTO duly and lawfully issued United States Design Patent No. D923,914 (the "D914 Patent"), titled "BRA." A copy of the D914 Patent is attached as <u>Exhibit 7</u>.

24. lululemon owns all right, title, and interest in each of the D668, D942, D539, D291, D233, and D914 Patents (collectively, the "lululemon Patents").

25. Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States apparel that infringe each of the lululemon Patents.

26. On November 11, 2021, lululemon sent Defendant a cease-and-desist letter demanding that Defendant cease infringing lululemon's intellectual property rights, including the lululemon Patents. Defendant, thus, had actual notice of each of the lululemon Patents at least as early as November 11, 2021.

27. lululemon sells pants in the United States under the mark LULULEMON ALIGN bearing a distinctive trade dress in the overall design of the pant (the "Align Trade Dress"). An example of the Align Trade Dress is depicted below.

- 5 -



28.     The Align Trade Dress includes but is not limited to a pair of tight athleisure pants having a waistband and stitching as shown in the example above.

29.     lululemon products bearing the Align Trade Dress are sold around the world, including online and through over 500 lululemon stores in seventeen countries.

30.     lululemon promotes its products bearing the Align Trade Dress including through its website and social media sites.

31.     lululemon has derived revenue exceeding hundreds of millions of dollars in the United States alone from sales of products bearing the Align Trade Dress.

32.     As a result of lululemon's widespread use and display of the Align Trade Dress in association with its pants, (a) the public has come to recognize and identify pants bearing the Align Trade Dress as emanating from lululemon, (b) the public recognizes that pants bearing the Align Trade Dress constitute high quality products that conform to the specifications created by lululemon,

and (c) the Align Trade Dress has established strong secondary meaning and extensive goodwill.

33.    The Align Trade Dress is not functional.   The design features embodied by the Align Trade Dress are not essential to the function of the product.  Athleisure pants can have many different forms, styles, and shapes. There are numerous alternative shapes and designs for athleisure pants.

34.    There are hundreds of third-party athleisure pants available in the marketplace, including from companies like Alo®, Gaiam®, Athleta®, and Zella®.   These commercial alternatives show that there are many different design decisions that go into designing athleisure pants and that the Align Trade Dress is the result of decisions regarding ornamentation.   Examples of commercially available alternatives are extensive and can be found even on lululemon and Peloton's respective websites. Further, lululemon's exclusive right to use the Align Trade Dress will not put competitors at a significant non-reputation related disadvantage because there are numerous alternative designs.

35.    Further, the design features of the Align Trade Dress are not comparatively simple or inexpensive to manufacture.  The design features of the Align Trade Dress do not affect the quality of the product.  The design of the Align Trade Dress is not a competitive necessity.

36.    Subsequent to lululemon's use and adoption of the Align Trade Dress, Defendant developed, manufactured, imported, advertised, and/or sold pants that use a design that is confusingly similar to the Align Trade Dress.

37.    Defendant manufactures, uses, sells, offers for sale, promotes, advertises and/or imports into the United States the One Lux Tight, which infringes the Align Trade Dress. An example of the One Lux Tight is shown below.

/ / /

/ / /



38.   lululemon is informed and believes and based thereon alleges that Defendant intended to blatantly copy lululemon's proprietary designs and pass off its goods as lululemon's high quality products to misappropriate the immense goodwill that lululemon has spent enormous time, effort, and expense to cultivate in the marketplace.

39.   Defendant uses a design that is confusingly similar to lululemon's Align Trade Dress in connection with identical athleisure pants sold to identical customers and through overlapping channels of trade and marketing channels, such as the Peloton website.   Defendant's use of the Align Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products with lululemon, when there is none.

40.   lululemon is informed and believes and based thereon alleges that Defendant was aware of lululemon, its products, its proprietary designs, and its intellectual property rights long before selling products that infringe the lululemon Patents and the Align Trade Dress, including for example because of

the November 11, 2021 letter, the parties' co-branding relationship, and because lululemon is one of the most famous athleisure companies in the world.

41.     Defendant's acts complained of herein have caused lululemon to suffer irreparable injury to its business.  lululemon will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

42.     lululemon is informed and believes and based thereon alleges that Defendant's acts complained of herein are willful and deliberate.

## V.  <u>FIRST CLAIM FOR RELIEF</u>

(Patent Infringement)

(35 U.S.C. § 271)

43.     lululemon repeats and re-alleges the allegations of paragraphs 1-26 and 40-42 of this Complaint as if set forth fully herein.

44.     This is a claim for patent infringement under 35 U.S.C. § 271.

45.     Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D668 and D942 Patents by making, using, selling, offering for sale, and/or importing products having a design that is substantially similar to the claimed designs of each of the D668 and D942 Patents, including for example, Defendant's Strappy Bra, which has been sold and/or offered for sale through Defendant's retail locations and/or on Defendant's website.

46.     The table below shows a side-by-side visual comparison of exemplary figures from the D668 and D942 Patents, respectively, and Defendant's Strappy Bra.

/ / /

/ / /

/ / /

/ / /

| Defendant's Strappy Bra | lululemon Patents |
|---|---|
|   | **U.S. Design Patent No. D709,668**   **U.S. Design Patent No. D759,942**    |

47.    As an example, the table above establishes that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's Strappy Bra is substantially the same as the claimed designs of each of the D668 and D942 Patents, because the resemblance is such as to deceive such an observer inducing them to purchase one supposing it to be the other.

48.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D539 Patent by making, using, selling, offering for sale, and/or importing products having a design that is substantially similar to the claimed design of the D539 Patent, including for example, Defendant's Cadent Laser Dot Legging, which has been sold and/or offered for sale through Defendant's retail locations and/or on

Defendant's website.

49.    The table below shows a side-by-side visual comparison of an exemplary figure from the D539 Patent and Defendant's Cadent Laser Dot Legging.

| Defendant's Cadent Laser Dot Legging | U.S. Design Patent No. D798,539 |
|---|---|
|  | |

50.    As an example, the table above establishes that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's Cadent Laser Dot Legging is substantially the same as the claimed design of the D539 Patent, because the resemblance is such as to deceive such an observer inducing them to purchase one supposing it to be the other.

51.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D291 Patent by making, using, selling, offering for sale, and/or importing products having a design that is substantially similar to the claimed design of the D291 Patent, including for example, Defendant's Cadent Laser Dot Bra, which has been sold

- 11 -

and/or offered for sale through Defendant's retail locations and/or on Defendant's website.

52.    The table below shows a side-by-side visual comparison of exemplary figures from the D291 Patent and Defendant's Cadent Laser Dot Bra.

| Defendant's Cadent Laser Dot Bra | U.S. Design Patent No. D836,291 |
|---|---|
|  | |

53.    As an example, the table above establishes that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's Cadent Laser Dot Bra is substantially the same as the claimed design of the D291 Patent, because the resemblance is such as to deceive such an observer inducing them to purchase one supposing it to be the other.

54.    Defendant, through its agents, employees, and servants has, and continues to, knowingly, intentionally, and willfully infringe the D233 Patent by making, using, selling, offering for sale, and/or importing products having a design that is substantially similar to the claimed design of the D233 Patent, including for example, Defendant's High Neck Bra, which has been sold and/or

1  offered for sale through Defendant's retail locations and/or on Defendant's

2  website.

3      55.    The table below shows a side-by-side visual comparison of an

4  exemplary figure from the D233 Patent and Defendant's High Neck Bra.

| Defendant's High Neck Bra | U.S. Design Patent No. D903,233 |
|---|---|



20     56.    As an example, the table above establishes that in the eye of an

21  ordinary observer, giving such attention as a purchaser usually gives, the design

22  of Defendant's High Neck Bra is substantially the same as the claimed design of

23  the D233 Patent, because the resemblance is such as to deceive such an observer

24  inducing them to purchase one supposing it to be the other.

25     57.    Defendant, through its agents, employees, and servants has, and

26  continues to, knowingly, intentionally, and willfully infringe the D914 Patent by

27  making, using, selling, offering for sale, and/or importing products having a

28  design that is substantially similar to the claimed design of the D914 Patent,

including for example, Defendant's Cadent Peak Bra, which has been sold and/or offered for sale through Defendant's retail locations and/or on Defendant's website.

58.   The table below shows a side-by-side visual comparison of an exemplary figure from the D914 Patent and Defendant's Cadent Peak Bra.

| Defendant's Cadent Peak Bra | U.S. Design Patent No. D923,914 |
| --- | --- |



59.   As an example, the table above establishes that in the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of Defendant's Cadent Peak Bra is substantially the same as the claimed design of the D914 Patent, because the resemblance is such as to deceive such an observer inducing them to purchase one supposing it to be the other.

60.   Defendant's acts of infringement of the lululemon Patents were undertaken without permission or license from lululemon.

61.   Defendant had actual knowledge of lululemon's rights in each of the lululemon Patents.   lululemon and its iconic designs are well-known

throughout the industry and Defendant's infringing products are nearly identical copies of lululemon's design. Accordingly, Defendant's actions constitute willful and intentional infringement of each of the lululemon Patents. Defendant infringed the lululemon Patents with reckless disregard of lululemon's patent rights. Defendant knew, or it was so obvious that Defendant should have known, that its actions constituted infringement of each of the lululemon Patents. Defendant's acts of patent infringement were not consistent with the standards of commerce for its industry.

62.    As a direct and proximate result of Defendant's acts of infringement, Defendant has derived and received gains, profits, and advantages in an amount that is not presently known to lululemon.

63.    Pursuant to 35 U.S.C. § 284, lululemon is entitled to damages for Defendant's infringing acts and treble damages together with interests and costs as fixed by this Court.

64.    Pursuant to 35 U.S.C. § 285, lululemon is entitled to reasonable attorneys' fees for the necessity of bringing this claim.

65.    Pursuant to 35 U.S.C. § 289, lululemon is entitled to recovery of Defendant's total profits from Defendant's infringement of lululemon's design patents.

66.    Due to the aforesaid infringing acts, lululemon has suffered great and irreparable injury, for which it has no adequate remedy at law.

67.    Defendant will continue to willfully infringe lululemon's patent rights to lululemon's great and irreparable injury unless enjoined by this Court.

## VI.  **SECOND CLAIM FOR RELIEF**

(Trade Dress Infringement)

(15 U.S.C. § 1125(a))

68.    lululemon repeats and re-alleges the allegations of paragraphs 1-17 and 26-42 of this Complaint as if set forth fully herein.

69. This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

70. Subsequent to lululemon's use and adoption of the Align Trade Dress, and the development of secondary meaning in that trade dress, Defendant developed, manufactured, imported, advertised, and/or sold pants that use trade dress that is confusingly similar to the Align Trade Dress, for example the One Lux Tight.

71. Defendant's use of the Align Trade Dress in connection with products identical to lululemon's products and sold to the same customers through overlapping channels of trade is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with lululemon.

72. lululemon is informed and believes and based thereon alleges that Defendant infringed lululemon's trade dress rights with the intent to unfairly compete with lululemon, to trade upon lululemon's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by lululemon, when they are not. lululemon does not and cannot control the quality of Defendant's goods bearing lululemon's Align Trade Dress. If consumers are confused into mistakenly believing that lower quality goods emanate from lululemon because they bear lululemon's trade dress, the immense goodwill that lululemon has spent enormous time, effort, and expense to cultivate in the marketplace will erode and lululemon will suffer irreparable harm to its reputation.

73. Defendant's activities constitute willful and intentional infringement of lululemon's trade dress rights in total disregard of lululemon's proprietary rights and were done despite Defendant's knowledge that use of the Align Trade Dress was, and is, in direct contravention of lululemon's rights.

74.     lululemon is informed and believes and based thereon, alleges that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to lululemon.  By reason of Defendant's actions, constituting trade dress infringement, lululemon has been damaged and is entitled to monetary relief in an amount to be determined at trial.

75.     Pursuant to 15 U.S.C. § 1117, lululemon is entitled to recover (1) Defendant's profits, (2) any damages sustained by lululemon, and (3) the costs of this action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award lululemon its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

76.     Due to Defendant's actions, constituting trade dress infringement, lululemon has suffered great and irreparable injury, for which lululemon has no adequate remedy at law.

77.     Defendant will continue to infringe lululemon's trade dress rights to the great and irreparable injury of lululemon, unless and until Defendant is enjoined by this Court.

## VII.  THIRD CLAIM FOR RELIEF

(False Designation Of Origin, Passing Off, & Federal Unfair Competition)

(15 U.S.C. § 1125(a))

78.     lululemon repeats and re-alleges the allegations of paragraphs 1-77 of this Complaint as if set forth fully herein.

79.     This is a claim for false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a).

80.     Defendant's use of the Align Trade Dress, without lululemon's consent, constitutes false designation of origin, false or misleading description

of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its goods or commercial activities by another entity in violation of 15 U.S.C. § 1125(a).

81.   Defendant's use of the Align Trade Dress, without lululemon's consent, constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of their products or commercial activities in violation of 15 U.S.C. § 1125(a).

82.   As set forth for example herein, Defendant has sold and/or offered for sale imitations of lululemon's iconic designs, including through its retail locations and/or its own website. These copycat products include, for example, Defendant's One Lux Tight, Strappy Bra, Cadent Laser Dot Legging, Cadent Laser Dot Bra, High Neck Bra, and Cadent Peak Bra (collectively, "Peloton Imitations").

83.   By selling copies of lululemon's designs, including the Peloton Imitations, through the same retail outlets that Defendant has used to sell co-branded lululemon products, Defendant has created a false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant and its products, including the Peloton Imitations, with lululemon, or as to the origin, sponsorship, or approval of Defendant's products or commercial activities by lululemon in violation of 15 U.S.C. § 1125(a).

84.   lululemon is informed and believes and based thereon alleges that Defendant has intended to closely copy lululemon's proprietary designs and

pass off its goods as lululemon's high quality products to misappropriate the immense goodwill that lululemon has spent enormous time, effort, and expense to cultivate in the marketplace.

85.    lululemon is informed and believes and based thereon alleges that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regard to lululemon's rights.

86.    Pursuant to 15 U.S.C. § 1117, lululemon is entitled to recover (1) Defendant's profits, (2) any damages sustained by lululemon, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the Court finds to be just, according to the circumstances of the case.  The Court may also award lululemon its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

87.    lululemon has been damaged by Defendant's conduct in an amount to be determined at trial.

88.    Due to Defendant's actions, constituting false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, lululemon has suffered and continues to suffer great and irreparable injury, for which lululemon has no adequate remedy at law.

89.    Defendant will continue its false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

### VIII.  <u>FOURTH CLAIM FOR RELIEF</u>

(California Business & Professions Code § 17200 *et seq.*)

90.    lululemon repeats and re-alleges the allegations of paragraphs 1-89 of this Complaint as if set forth fully herein.

91.     This claim is for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

92.     Defendant's acts of trade dress infringement, false designation of origin, and passing off complained of herein constitute unfair competition with lululemon under the common law and statutory laws of the State of California, particularly California Business & Professions Code § 17200, *et seq*.

93.     lululemon is informed and believes and based thereon alleges that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant's unfair competition in an amount that is not presently known to lululemon.  By reason of Defendant's wrongful acts as alleged herein, lululemon has been damaged and is entitled to monetary relief in an amount to be determined at trial.

94.     By its actions, Defendant has injured and violated lululemon's rights and has irreparably injured lululemon, and such irreparable injury will continue unless Defendant is enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, lululemon prays for judgment in its favor and against Defendant for the following relief:

A.     An Order adjudging Defendant to have willfully infringed the D668 Patent under 35 U.S.C. § 271;

B.     An Order adjudging Defendant to have willfully infringed the D942 Patent under 35 U.S.C. § 271;

C.     An Order adjudging Defendant to have willfully infringed the D539 Patent under 35 U.S.C. § 271;

D.     An Order adjudging Defendant to have willfully infringed the D291 Patent under 35 U.S.C. § 271;

E.     An Order adjudging Defendant to have willfully infringed the D233 Patent under 35 U.S.C. § 271;

F.     An Order adjudging Defendant to have willfully infringed the D914 Patent under 35 U.S.C. § 271;

G. A preliminary and permanent injunction enjoining Defendant, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert or participation with Defendant, from (1) making, using, selling, offering to sell, and/or importing the Strappy Bra, the Cadent Laser Dot Legging, the Cadent Laser Dot Bra, the High Neck Bra, or the Cadent Peak Bra, and (2) infringing any of the lululemon Patents in violation of 35 U.S.C. § 271;

H. An Order that Defendant pay to lululemon actual damages in the form of lost profits, or in the alternative, other damages adequate to compensate for the infringement of lululemon's patents, but in no event less than a reasonable royalty for the use made of the lululemon Patents by Defendant, in accordance with 35 U.S.C. § 284, including enhanced damages and/or, at lululemon's election, Defendant' total profits as a result of Defendant' infringement of the lululemon Patents, pursuant to 35 U.S.C. § 289;

I. An Order awarding pre-judgment and post-judgement interest and costs as fixed by the Court for Defendant's acts of patent infringement;

J. An Order that Defendant's acts of patent infringement be deemed willful;

K. An Order adjudging that this case is exceptional under 35 U.S.C. § 285 and ordering Defendant to pay to lululemon its reasonable attorney fees incurred in this action;

L. That the Court render a final judgment that Defendant has willfully infringed the Align Trade Dress, falsely designated the origin of its goods, passed off its goods as lululemon's, and unfairly competed with lululemon, all in violation of 15 U.S.C. § 1125(a);

M. That the Court render a final judgment that Defendant has violated California Business & Professions Code §§ 17200, *et seq.* and California

common law by willfully committing trade dress infringement, falsely designating the origin of its goods, passing off its goods as lululemon's, and unfairly competing with lululemon;

N. That Defendant, its agents, servants, employees, successors, assigns and attorneys and any related companies, and all persons in active concert or participation with one or more of them, be preliminarily and permanently enjoined and restrained from:

(i)     using the Align Trade Dress or any other trade dress that is confusingly similar to the Align Trade Dress, for example the One Lux Tight;

(ii)    falsely designating the origin of Defendant's goods;

(iii)   passing off Defendant's goods as those of lululemon, including for example selling Peloton Imitations;

(iv)    unfairly competing with lululemon in any manner whatsoever; and

(v)     causing a likelihood of confusion or injuries to lululemon's business reputation.

O. That Defendant be directed to file with this Court and serve on lululemon within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

P. That the Court award lululemon its reasonable costs, expenses, and attorneys' fees pursuant to at least 15 U.S.C. § 1117;

Q. Such other and further relief as this Court may deem just and proper.

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 29, 2021      By: */s/ Ali S. Razai*

Craig S. Summers
Ali S. Razai
Susan M. Natland
Brandon G. Smith

*Attorneys for Plaintiff*
LULULEMON ATHLETICA CANDADA INC.

- 23 -

1

## DEMAND FOR JURY TRIAL

2
Plaintiff hereby demands a trial by jury on all issues so triable.

3

4
Respectfully submitted,

5
KNOBBE, MARTENS, OLSON & BEAR, LLP

6

7
Dated: November 29, 2021       By: */s/ Ali S. Razai*
8
Craig S. Summers
Ali S. Razai
9
Susan M. Natland
Brandon G. Smith

10

11
*Attorneys for Plaintiff*
LULULEMON ATHLETICA CANDADA INC.

12

13
33591905

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 24 -