# EXHIBIT 1

# Knobbe Martens

KNOBBE, MARTENS, OLSON & BEAR, LLP

2040 Main St., 14th Fl., Irvine, CA 92614
T (949) 760-0404

Ali S. Razai
Ali.Razai@knobbe.com

November 11, 2021
**VIA FEDERAL EXPRESS**

Hisao Kushi
Chief Legal Officer
Peloton Interactive, Inc.
125 West 25th Street, 11th Floor
New York, New York 10001

Re: lululemon athletica canada inc.'s ("lululemon") Intellectual Property Rights

Dear Mr. Kushi:

We represent lululemon in connection with its intellectual property matters. We write regarding Peloton's infringement of lululemon's patent and trade dress rights as well as Peloton's possible misappropriation of lululemon's trade secret rights.

As you know, lululemon is one of the world's most iconic brands. The company is a leading designer and retailer of technical athletic apparel, including products for yoga, training, cycling, running and other fitness activities. lululemon's designers work tirelessly to design and develop innovative products that will appeal to its customers and prospective customers. lululemon's products are instantly and universally recognized for their innovation and distinctive style.

Recognizing the popularity and quality of lululemon's products and designs, Peloton worked with lululemon to sell co-branded lululemon apparel through Peloton's retail outlets, including Peloton's website. When Peloton's relationship with lululemon ended, Peloton started selling its own copies of lululemon's iconic products, including for example Peloton's Strappy Bra, Cadent Laser Dot Legging, Cadent Laser Dot Bra, High Neck Bra, and Cadent Peak Bra. These copies of lululemon's products infringe lululemon's patent rights, including U.S. Design Patent Nos. D709,668, D759,942, D798,539, D836,291, D903,233, and D923,914 (collectively, the "lululemon Patents"), as shown in Appendix A.

The Federal Circuit has held that a design patent is infringed if the accused product looks substantially similar, in light of the existing prior art, to the patented design in the eyes of an ordinary observer. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 682-83 (Fed. Cir. 2008). As can be seen in the side-by-side comparisons of representative figures from the lululemon Patents and photographs of Peloton's accused products shown in Appendix A, Peloton's copies of lululemon products are more than just "substantially similar" to lululemon's patented designs.

Peloton has also copied the trade dress of lululemon's highly distinctive lululemon Align pant. lululemon introduced the lululemon Align pant in 2015, and it quickly became one of the most iconic products in the space. The lululemon Align pant is now one of the best-selling athletic pant designs in history. The design of the lululemon Align pant has become uniquely associated with lululemon and

INTELLECTUAL PROPERTY + TECHNOLOGY LAW | knobbe.com

**Knobbe Martens**

serves as its trade dress. As shown in Appendix B, Peloton's One Luxe Tight uses the lululemon Align Trade Dress. This is likely to cause confusion, mistake, or deception as to the affiliation, connection, association, or sponsorship of the infringing product with lululemon.

lululemon has an important duty to its customers and the public to protect the integrity of its brands and to ensure that customers and the public are not mistakenly confused as to the source of goods or services provided under its trade dress. Peloton's infringing use of lululemon's Align trade dress is likely to confuse the relevant public and severely damage lululemon's hard-earned reputation, goodwill, and its iconic brand.

lululemon demands that Peloton immediately stop infringing the lululemon Patents and the Align Trade Dress and that you provide an accounting of all sales and distribution of the above-identified infringing products.

During the course of the parties' relationship, Peloton was bound by lululemon's strategic sales retailer agreement ("Agreement"), which governed the parties' co-branding arrangement. Under the Agreement, Peloton was, for example, obligated to maintain the confidentiality of and not make any unauthorized use of lululemon's proprietary, confidential, and/or trade secret information, including for example lululemon's confidential technical information, designs, know-how, and methodology. lululemon's inspection of Peloton's infringing products indicates that Peloton may have used lululemon's proprietary and trade secret information in creating at least the Peloton products identified in this letter. This information includes, for example, lululemon's confidential designs, specifications, and other proprietary technical information that lululemon shared with Peloton under the Agreement.

Pursuant to the Agreement, lululemon demands that Peloton immediately return all originals and copies of any information, records and materials lululemon exchanged with Peloton as well as any information developed therefrom ("lululemon Materials"). lululemon further demands that Peloton describe in detail how the lululemon Materials were maintained by Peloton, provide technical logs that identify who accessed any of the lululemon Materials, and provide the title and job description for each such person. lululemon also demands that you provide all email communications that attach, reference, or discuss any lululemon Materials. Once Peloton provides this accounting, lululemon will provide additional requirements so it can ensure that its proprietary and trade secret information is properly safeguarded.

Please provide this information and confirm by **November 19, 2021**, that you will fully comply with lululemon's requests herein, otherwise lululemon will file a Complaint for patent and trade dress infringement and trade secret misappropriation in federal court.

**Knobbe Martens**

Hisao Kushi
Page 3

Nothing in this letter shall be construed to constitute an express or implied waiver of any rights or remedies that lululemon may have or hereafter obtain in connection with this matter, all of which are hereby expressly reserved. In addition, this letter is not intended to be a complete recitation of the facts or causes of action relating to this matter.

Very truly yours,

Ali S. Razai

Enclosures:
Appendix A
Appendix B
U.S. Design Patent No. D709,668
U.S. Design Patent No. D759,942
U.S. Design Patent No. D798,539
U.S. Design Patent No. D836,291
U.S. Design Patent No. D903,233
U.S. Design Patent No. D923,914

54504369

knobbe.com

Exhibit 1

# APPENDIX A

## Peloton Strappy Bra



# APPENDIX A

## Cadent Laser Dot Legging



| Accused Product | lululemon Patent |
| --- | --- |
| | U.S. Design Patent No. D798,539 |

# APPENDIX A

### Peloton Cadent Laser Dot Bra



# APPENDIX A

## Peloton High Neck Bra



# APPENDIX A

### Cadent Peak Bra



54505001

# APPENDIX B

## Peloton Strappy Bra



54570767