Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Susan M. Natland (SBN 198,100)
susan.natland@knobbe.com
Brandon G. Smith (SBN 307,676)
brandon.smith@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

*Attorneys for Plaintiff*
lululemon athletica canada inc.

LATHAM & WATKINS LLP
Steven N. Feldman (SBN 281405)
steve.feldman@lw.com
1271 Avenue of the Americas
New York, NY 10020
Phone: (212) 906-1200
Fax: (212) 751-4864

Matthew Walch
matthew.walch@lw.com
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Phone: (312) 876-7700
Fax: (312) 993-9767

Robert J. Ellison (SBN 274374)
robert.ellison@lw.com
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Phone: (424) 653-5500
Fax: (424) 653-5501

Rebekah L. Soule
rebekah.soule@lw.com
555 Eleventh St. NW, Suite 1000
Washington, D.C. 20004-1304
Phone: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Defendant*
Peloton Interactive, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LULULEMON ATHLETICA CANADA INC., a Canadian corporation,<br><br>Plaintiff,<br><br>v.<br><br>PELOTON INTERACTIVE, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 21-cv-09252-MEMF-SHKx<br><br>Hon. Maame Ewusi-Mensah Frimpong<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Filed: November 29, 2021 |

Pursuant to the Court's February 14, 2022 Reassignment Order (Dkt. 38), Plaintiff lululemon athletica canada inc., ("lululemon" or "Plaintiff") and Defendant Peloton Interactive, Inc. ("Peloton" or "Defendant") submit the following Joint Case Management Statement.

## I. DATE THE CASE WAS FILED

lululemon filed a Complaint commencing this action on November 29, 2021.

## II. LIST AND DESCRIPTION OF PARTIES

The parties to this action are lululemon athletica canada, inc. and Peloton Interactive, Inc.

### A. Description of lululemon

lululemon is a Canadian corporation with its principal place of business in Vancouver, British Columbia, Canada. lululemon is a global designer and retailer of technical athletic apparel.

### B. Description of Peloton

Peloton is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in New York, New York. Peloton operates an interactive fitness platform and, starting in 2014, offered fitness apparel, initially through joint co-branded products, and now through its own private label apparel brand.

## III. SUMMARY OF CLAIMS

lululemon's First Amended Complaint (Dkt. 35), filed on February 9, 2022, asserts claims for infringement of six design patents under 35 U.S.C. § 271; a claim for trade dress infringement under 15 U.S.C. § 1125(a); a claim for false designation of origin, passing off, and federal unfair competition under 15 U.S.C. § 1125(a); and a claim for unfair competition under California Business and Professions Code §§ 17200 et seq.

On February 23, 2022, Peloton filed a motion to stay, dismiss, or transfer this action. Accordingly, Peloton has not asserted any claims against lululemon at this time.

### IV. DESCRIPTION OF EVENTS UNDERLYING THIS ACTION

On November 11, 2021, lululemon wrote to Peloton regarding alleged infringement of lululemon's design patents and trade dress rights. On November 24, Peloton filed a declaratory judgment action against lululemon in the Southern District of New York (Case No. 21 Civ. 10071) (the "New York Action") requesting a judgment of non-infringement and/or the invalidity of lululemon's patents. On November 29, lululemon filed this action. The parties agree that the claims in the New York Action and this action are substantially the same.

lululemon has filed a motion to dismiss the New York Action on the basis that it is an anticipatory declaratory judgment action. Peloton has opposed the motion, arguing that it was entitled to exercise its rights to file a declaratory judgment action, and that its action was not improperly anticipatory. Peloton also argued that, under a balance of conveniences analysis, this dispute should be heard in New York. lululemon's Motion to Dismiss the New York Action is now fully briefed. There is no hearing scheduled, and the parties are awaiting a ruling.

The parties agree that this Court should stay this Action pending a decision from the Southern District of New York regarding lululemon's motion to dismiss.

### V. DESCRIPTION OF RELIEF SOUGHT

lululemon seeks both injunctive and monetary relief. For the design patent infringement claims, lululemon seeks an injunction prohibiting Peloton from making, using, selling, offering to sell, and/or importing products that infringe its design patents, including Peloton's Strappy Bra, Cadent Laser Dot Legging, Cadent Laser Dot Bra, High Neck Bra, and Cadent Peak Bra products. lululemon also seeks actual damages in the form of lost profits, or, in the alternative, other

damages adequate to compensate for infringement of lululemon's design patents, but in no event less than a reasonable royalty in accordance with 35 U.S.C. § 284, including enhanced damages and/or, at lululemon's election, Peloton's total profits as a result of Peloton's infringement pursuant to 35 U.S.C. § 289. For the non-patent claims, lululemon seeks an injunction prohibiting Peloton from using the asserted trade dress, falsely designating the origin of Peloton's products, passing off Peloton's products as those of lululemon, unfairly competing with lululemon, and causing a likelihood of confusion or injury to lululemon's business reputation. lululemon also seeks damages under 15 U.S.C. § 1117. The case has not progressed to a point such that lululemon is able to determine how damages will be computed.

At this time, because Peloton has not filed an Answer to the First Amended Complaint, it has not requested any relief.

## VI. STATUS OF DISCOVERY

The parties have not conducted the Rule 26(f) conference and discovery in this action is not open.

## VII. PROCEDURAL HISTORY OF THIS ACTION

On December 23, 2021, the parties jointly requested a stay of this action until the Southern District of New York decided lululemon's motion to dismiss the New York Action. *See* Dkt. 13. The Court denied that request. *See* Dkt. 14.

On January 26, 2022, Peloton filed a motion to dismiss, transfer, or stay this action. Dkt. 18. On February 7, 2022, lululemon filed its opposition (Dkt. 33), and on February 9 lululemon filed its First Amended Complaint (Dkt. 35). In view of the First Amended Complaint, the Court denied Peloton's motion to dismiss as moot. Dkt. 36.

Peloton filed a motion to stay, dismiss, or transfer the First Amended Complaint on February 23, 2022, and noticed a hearing on that motion for March

24, 2022. Dkt. 41. Peloton argued this Court should (1) stay this Action pending a decision from the Southern District of New York on lululemon's motion to dismiss before it; or in the alternative (2) dismiss or transfer this Action under the first-to-file rule and/or the transfer factors under 28 U.S.C. § 1404(a); or (3) dismiss lululemon's claims for trade dress infringement under 15 U.S.C. § 1125(a), false designation of origin, passing off, and federal unfair competition under 15 U.S.C. § 1125(a); and unfair competition under California Business and Professions Code §§ 17200 et seq., should the Court retain jurisdiction of this Action. lululemon's opposition is due on March 3, 2022 and Peloton's reply is due on March 10, 2022.

No other motions have been filed.

## VIII. DEADLINES IN PLACE PRIOR TO REASSIGNMENT

Prior to the Reassignment Order, the Court had set a Scheduling Conference for April 4, 2022. Dkt. 22. Twenty-one days prior to the Scheduling Conference, the parties were ordered to conduct the Rule 26(f) conference. *Id.* The parties were also ordered to file a joint statement as required by Rule 26 and the Local Rules no later than 14 days after the Rule 26(f) conference. *Id.* The parties understand that the Court's Reassignment Order (Dkt. 38) has vacated these dates.

No other deadlines were in place prior to the Reassignment Order.

## IX. CONSENT TO MAGISTRATE JUDGE FOR TRIAL

The parties do not consent to a magistrate judge for trial.

## X. NEED FOR A CASE MANAGEMENT CONFERENCE

In view of the parties' joint position that this action should be stayed pending a decision on lululemon's motion to dismiss the New York Action, the parties do not believe there is a need for an immediate case management conference at this time.

|   |   |   |
|---|---|---|
| 1 |   | Respectfully submitted, |
| 2 |   | KNOBBE, MARTENS, OLSON & BEAR, LLP |

Respectfully submitted,
KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: March 1, 2022

By: */s/ Ali S. Razai*
　　Craig S. Summers
　　Ali S. Razai
　　Susan M. Natland
　　Brandon G. Smith

*Attorneys for Plaintiff*
LULULEMON ATHLETICA CANDADA INC.


LATHAM & WATKINS LLP

Dated: March 1, 2022

By: */s/ Steven N. Feldman (with permission)*
　　Steven N. Feldman
　　Matthew Walch
　　Robert J. Ellison
　　Rebekah L. Soule

*Attorneys for Defendant*
PELOTON INTERACTIVE, INC.

**ATTESTATION OF E-FILED SIGNATURE**

I, Ali S. Razai, pursuant to L.R. 5-4.3.4, attest that all signatories listed above have read and approved this Joint Statement and consent to the filing of same in this action.

By: */s/ Ali S. Razai*
Ali S. Razai