# EXHIBIT A

   

News & Insights ▼   Trending [7] ▼   Find Author ▼   Subscribe ▼   For Reporters

*November 22, 2021*

# The Federal Circuit Issues Multiple Orders Directing Transfer of Venue out of the Western District of Texas

 LinkedIn    Facebook    Twitter    Send   </> Embed

On November 15th, the United States Court of Appeals for the Federal Circuit entered orders granting three separate petitions for writ of mandamus in the cases styled *In re Apple Inc.*, *In re Atlassian Corp. PLC, Atlassian, Inc.*, and *In re Google LLC* ("November 15 Orders"). Judge Alan Albright of the United States District Court for the Western District of Texas was ordered to transfer the cases to the United States District Court for the Northern District of California, although for different reasons based upon the facts of each case. In each Order, the Federal Circuit noted that Judge Albright's decision to deny a transfer based upon the Western District of Texas' speculative expedited time-to-trial was improper. The Federal Circuit has over the past two years entered more than fifteen other orders directing transfer of venue in patent cases out of the Western District of Texas. [1]

**The November 15 Orders**

In each case, the defendants sought to have their case transferred to the Northern District of California under 28 U.S.C. § 1404(a), arguing that the Northern District of California was a more convenient forum. In determining whether to transfer venue, a court traditionally analyzes private and public interest factors. The Federal Circuit's November 15 Orders analyzed six such factors.

The first factor in the Federal Circuit's transfer of venue analysis is the location of the sources of proof relevant to the dispute. The Federal Circuit has acknowledged that while electronic storage and modern technology has made documents more widely accessible, what matters is the competing forums' *ease* of access to the sources of evidence. Although the electronic information was "available" in the Western District of Texas due to modern technology, the Federal Circuit ruled that this factor weighed in favor of transferring the cases to the Northern District of California because the source code, servers storing the information, and maintenance of all such information was located in the Northern District of California.

The second factor in the Federal Circuit's transfer of venue analysis is a venue's ability to compel third-party witnesses to testify through its subpoena power. The Federal Circuit has repeatedly held that when more third-party witnesses reside within the transferee venue than reside within the transferor venue, this factor weighs in favor transferring the case. In all three cases, the overwhelming majority of third-party witnesses resided within the Northern District of California, thus favoring a transfer.



**WRITTEN BY:**

Locke Lord LLP
Contact   + Follow

Charles Phipps   + Follow

**PUBLISHED IN:**

Intellectual Property Protection   + Follow

Patent Litigation   + Follow

Patents   + Follow

Transfer of Venue   + Follow

Venue   + Follow

Civil Procedure   + Follow

Intellectual Property   + Follow

**LOCKE LORD LLP ON:**

The third factor in the Federal Circuit's transfer of venue analysis is the relative convenience of the competing forums for potentially willing witnesses. Previous Federal Circuit opinions have held that when there are several potentially willing witnesses located in the transferee forum and none in the transferor forum, this factor weighs in favor of transferring the case. In all three cases, the defendants identified multiple employees with extensive knowledge of the design, development, marketing, licensing, and finances of the accused products residing within the Northern District of California, while only a few employees with minimally relevant knowledge resided within the Western District of Texas. As such, the Federal Circuit weighed this factor in favor of transferring the case.

The fourth factor in the Federal Circuit's transfer of venue analysis is the venue's local interest, specifically whether a defendant is "at home" in the venue and/or whether the events giving rise to the dispute occurred in the forum. A party's "general presence" in a forum is not enough on its own. In all three cases, the defendants had their headquarters in the Northern District of California, as well as designed and developed the products at issue in the Northern District of California. Thus, the Federal Circuit found that the Northern District of California had a greater localized interest than the Western District of Texas.

The fifth factor in the Federal Circuit's transfer of venue analysis is whether inconsistent results can be avoided and judicial resources may be preserved if the dispute is handled in a specific forum. The preservation of judicial economy is viewed at the time the suit was filed, such that multiple lawsuits filed on the same day in the same court may weigh against a transfer. However, the practical considerations are not to be over-weighed. In all three cases, although there were co-pending cases filed on the same day in the Western District of Texas, the Federal Circuit held that any incremental gains obtained by keeping the cases in the Western District of Texas were insufficient to justify overriding the inconvenience created for the parties and witnesses. Thus, the Federal Circuit held this factor weighed in favor of transferring the cases to the Northern District of California.

The final factor in the Federal Circuit's transfer of venue analysis is the ability of a court to efficiently and effectively handle the dispute. In all three cases, Judge Albright denied transferring the cases to the Northern District of California based upon his determination that the Western District of Texas had a significantly faster time to trial due to its continued jury trials during the COVID-19 pandemic. The Federal Circuit has consistently held that when the other relevant factors discussed above weigh in favor of transferring the matter, then the speed of the transferee district court should not alone outweigh all of those other factors. Additionally, the Federal Circuit noted that the Northern District of California and Western District of Texas did not show any significant differences in caseload or time-to-trial statistics to justify Judge Albright's denial.

The Federal Circuit continues to provide guidance in these patent venue cases. Any consideration of a potential motion to transfer should involve continued monitoring of Federal Circuit decisions relating to venue and a thorough investigation into venue-related facts.

---

[1] *See In re DISH Network, LLC,* No. 2021-182 (Fed. Cir. Oct. 21, 2021); *In re NetScout Sys.,* Inc., No. 2021-173, 2021 WL 4771756 (Fed. Cir. Oct. 13, 2021); *In re Pandora Media, LLC,* No. 2021-172, 2021 WL 4772805 (Fed. Cir. Oct. 13, 2021); *In re Google LLC,* No. 2021-171, 2021

WL 4592280 (Fed. Cir. Oct. 6, 2021); *In re Juniper Networks, Inc.,* No; 2021-156, 2021 WL 4519889 (Fed. Cir. Oct. 4, 2021); *In re Apple*, No. 2021-187, 2021 WL 4485016 (Fed. Cir. Oct. 1, 2021); *In re Google LLC,* No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sep. 27, 2021); *In re Juniper Networks,* No. 2021-160, 2021 WL 4343309 (Fed.-Cir. Sep. 24, 2021); *In re Hulu, LLC,* No. 2021-142, 2021 WL 3278194 (Fed. Cir. Aug. 2, 2021); *In re Uber Techs., Inc.,* 852 F.App'x 542 (Fed. Cir. 2021); *In re Samsung Elecs. Co., Ltd.,* 2 F.4th 1371 (Fed. Cir. 2021); *In re TracFone Wireless, Inc.,* 852 F.App'x 537 (Fed. Cir. 2021); *In re Apple Inc.,* 979 F.3d 1332 (Fed. Cir. 2020); *In re Nitro Fluids LLLC,* 978 F.3d 1308 (Fed. Cir. 2020); *In re Adobe Inc.,* 823 F.App'x 929 (Fed. Cir. 2020).

  

Send | Print | Report

---

**LATEST POSTS**

- What Companies Can Learn From an ERISA Case Alleging Independent Contract Misclassification: February 2022 IC Legal News Update
- Attempts to Curtail Restrictive Covenants Are Not Slowing Down: Recent Legislative Efforts to Curtail Restrictive Covenants
- The "State" of Family and Medical Leave Laws in the Wake of COVID-19
- California Places Further Limitations on an Employer's Use of Non-Disclosure and Non-Disparagement Provisions
- What the 6th International Climate Report Says to Insurers

See more »

---

DISCLAIMER: Because of the generality of this update, the information provided herein may not be applicable in all situations and should not be acted upon without specific legal advice based on particular situations.

© Locke Lord LLP 2022 | Attorney Advertising

Back to Top

Home   What Is JD Supra?   Subscribe   Leverage Your Thought Leadership   Privacy Policy   Terms & Conditions   Contact   Team

Explore 2022 Readers' Choice Awards

Copyright © 2022 JD Supra, LLC

https://www.jdsupra.com/legalnews/the-federal-circuit-issues-multiple-2390525